UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER STEPHENS, et al.,

    Plaintiffs,

v.

TARGET CORPORATION, et al.,

    Defendants.

CASE NO. C06-0215JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion for judgment on the pleadings from Defendants Tensor Corporation ("Tensor") and Target Corporation ("Target") (Dkt. # 41).[1] For the reasons stated below, the court GRANTS Defendants' motion as to Plaintiffs' claims for emotional harm arising from destruction of or damage to personal items and injury to the family dog.

---

[1] Target joins Tensor's motion (Dkt. # 43).

ORDER – 1

## II. BACKGROUND

Plaintiffs Jennifer Stephens and Michael McClane allege that a reading lamp manufactured by Tensor and sold by Target caused a fire at their family home on July 3, 2004. Asserting various product liability claims under the Washington Products Liability Act, RCW § 7.72, Plaintiffs seek to recover damages resulting from the fire, including:

> (a) Damages to and destruction of numerous irreplaceable personal items, the loss of which caused significant and ongoing emotional harm.
>
> (b) Injury to the family dog, requiring veterinary care and resulting in emotional injury to the family.

Second Am. Compl. ¶¶ 3.82, 3.98 (Dkt. # 28).

Defendants seek dismissal of Plaintiffs' claims for emotional harm, arguing that emotional harm occasioned by damage to personal property and an injury to the family dog is not compensable under Washington law.

## III. ANALYSIS

In considering a Rule 12(c) motion for judgment on the pleadings, the court must accept all material allegations of the nonmoving party as true and construe the pleadings in the light most favorable to the nonmoving party. Doyle v. Raley's, Inc., 158 F.3d 1012, 1014 (9th Cir. 1998). The court will grant a Rule 12(c) motion if the pleadings demonstrate that the moving party is entitled to judgment as a matter of law. Fajardo v. County of Los Angeles, 179 F.3d 698, 699 (9th Cir. 1999). Judgment on the pleadings is warranted only where it appears beyond doubt that the plaintiff will be unable to prove any facts to support the alleged claims for relief. Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002).

Because this action was removed on the basis of the court's diversity jurisdiction, the substantive law of the forum state, Washington, applies. See Stanford Ranch, Inc. v.

ORDER – 2

Maryland Cas. Co., 89 F.3d 618, 624 (9th Cir. 1996).  A federal court applying state law must apply the law as it believes the state supreme court would apply it.  Gravquick v. Trimble Navigation Int'l Ltd., 323 F.3d 1219, 1222 (9th Cir. 2003) (citation omitted).  In the absence of a controlling state supreme court decision, the court must predict how the state supreme court would decide the issue, using intermediate appellate court decisions, statutes, and decisions from other jurisdictions as interpretive aids.  Id.  (citing Soltani v. W. & S. Life Ins. Co., 258 F.3d 1038, 1045-46 (9th Cir. 2001)).

**A.   Plaintiffs are not Entitled to Separate Recovery for Emotional Harm Relating to Their Personal Possessions.**

Defendants contend that Plaintiffs' claim for "significant and ongoing emotional harm" resulting from damages to or destruction of their personal property is unsupported by Washington law.  The court agrees.

The holding in Mieske v. Bartell Drug Co., 593 P.2d 1308 (Wash. 1979), is controlling.  In Mieske, the Washington State Supreme Court described the standard for the measure of damages in relation to personal property:

> (1) personal property which is destroyed may have a market value, in which case that market value is the measure of damages; (2) if destroyed property has no market value but can be replaced or reproduced, then the measure is the cost of replacement or reproduction; (3) if the destroyed property has no market value and cannot be replaced or reproduced, then the value to the owner is to be the proper measure of damages.

593 P.2d at 1310 (citing McCurdy v. Union Pac. R.R., 413 P.2d 617 (Wash. 1966)).

Plaintiffs' recovery is limited to the value of their property.  Where a personal item has no market value or is irreplaceable, its value may include a subjective element – i.e. value to the owner, however, "sentimental or fanciful" value is not compensable.  Id. at 1311 (citations omitted).  Plaintiffs concede that under Mieske they are "not [ ] entitled to a separate element of damages for emotional harm caused by destruction of family

ORDER – 3

heirlooms, irreplaceable personal photographs, and similar items." Opp'n at 6 (Dkt. # 44) (citing <u>Mieske</u>, 593 P.2d at 1310-11).[2] Thus, the court concludes that Plaintiffs' claim for "ongoing emotional harm" arising from damaged or destroyed personal property cannot stand as a matter of law.

**B.   Plaintiffs Are Not Entitled to Separate Recovery for Emotional Harm Relating to Their Family Dog**.

Defendants argue that Washington law, specifically <u>Pickford v. Maison</u>, 98 P.3d 1232 (Wash. Ct. App. 2004), does not allow a pet owner to recover for emotional distress arising from injury to a family pet.[3]

In <u>Pickford</u>, a dog owner brought an action for negligent and malicious infliction of emotional distress and loss of animal companionship arising from an incident in which Rottweilers escaped from a neighboring yard and attacked her pet dog. <u>Id</u>. at 1233. There, the court found that defendants had not maliciously inflicted emotional distress, but were negligent for failing to keep their dogs contained. <u>Id</u>. at 1234. On a showing of negligence alone, the court held that plaintiff was not entitled to recover damages for emotional distress. <u>Id</u>. In addition, the court declined to extend recovery for loss of companionship to death of or injury to a pet, noting that "[i]n Washington, damages are recoverable for the actual or intrinsic value of lost property but not for sentimental value." <u>Id</u>. at 1235 (citing <u>Mieske</u>, 593 P.2d at 1310-11); <u>see also</u> <u>Bakay v. Yarnes</u>, No. 04-cv-05803-RJB, 2005 WL 1677976, at *3-4 (W.D. Wash. 2005) (dismissing claim

---

[2] While Plaintiffs so concede, they cite several cases in support of the proposition that emotional distress damages are available to Washington plaintiffs who witness damages to or destruction of their *real* property. Opp'n at 3-5. These cases are inapposite. The present motion does not call upon the court to determine the availability of damages for emotional distress as it relates to real property but only as to irreplaceable personal items and injury to the family dog.

[3] Neither party cites to, nor is the court aware of, a Washington State Supreme Court decision on whether a plaintiff can recover for emotion distress resulting from injury to a pet.

ORDER – 4

under Washington law for negligent infliction of emotional distress and loss of companionship arising from death of numerous pet cats); accord Nichols v. Sukaro Kennels, 555 N.W.2d 689, 691 (Iowa 1996) ("[A]lthough we are mindful of the suffering an owner endures upon the death or injury of a beloved pet, we resolve to follow the majority of jurisdictions that do not allow recovery of damages for such mental distress.").

As Pickford reflects, the law in Washington treats dogs the same as other chattel. The court recognizes the inherent shortcomings of the law in its attempt to compensate for the value of a beloved pet. Still, the court must work within such confines and delineate those losses that are recoverable from those that are not. As the law stands, damages for injury to a pet are limited to the "actual or intrinsic value" of damaged property. Pickford, 98 P.3d at 1235.

While Plaintiffs agree that injury to their dog does not support a separate claim for emotional distress or loss of companionship, they contend that a jury may consider the impact on the reasonable value of their dog's companionship in determining diminishment to its intrinsic value. Opp'n at 12. It may be true that a jury could consider the dog's utility (for lack of a better term) in assessing its intrinsic value; such an assessment is confined by the limitation on sentimental or fanciful value set forth in Mieske. 593 P.2d at 1311. Plaintiffs' recovery is nevertheless limited to the value of the dog itself. Washington law does not permit Plaintiffs to separately recover for loss of companionship or emotional harm occasioned by their dog's injury.

ORDER – 5

### IV.  CONCLUSION

For the foregoing reasons, the court concludes that Plaintiffs are not entitled to recover damages for emotional distress associated with the loss of personal items or injury to their family dog.

The court GRANTS Defendants' motion for judgment on the pleadings (Dkt. # 41).

Dated this 16th day of March, 2007.

JAMES L. ROBART  
United States District Judge

ORDER – 6